# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PAUL WASKEY, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 8:18-cv-02824-PX |
| ERIKA O'NEAL, *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Pending before the Court are Defendants Erika O'Neal and Dennis Alexander's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 8), Motion to Strike (ECF No. 16), and Motion to Dismiss for Lack of Personal Jurisdiction. ECF No. 17. The motions are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court denies each motion.

### I. Background[1]

Paul, Ben, and Lois Waskey along with Linda Wootten (collectively "Plaintiffs") agreed to sell their business, Regalmark Inc. ("Regalmark") to Erika O'Neal and her fiancé, Dennis Alexander ("Defendants"). ECF No. 15 ¶ 10. The terms of the sale were memorialized in a Promissory Note and Entity Sales Agreement ("the Agreement"). ECF No. 15-1; 27-2. Defendants failed to make payments under the Promissory Note's terms. ECF No. 15 ¶ 9–15.

After the deal went south, Plaintiffs, appearing pro se, filed this breach of contract action against Regalmark, O'Neal, and Alexander. ECF No. 1. Defendants subsequently moved to

---

[1] For the purpose of the Motions to Dismiss, the Court construes the averred facts in the Amended Complaint and supporting memoranda as true and most favorably to Plaintiffs. *See Kerns v. U.S.*, 585 F.3d 187, 192 (4th Cir. 2009) (subject matter jurisdiction); *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989) (personal jurisdiction).

dismiss for lack of diversity jurisdiction because Plaintiffs and Defendant Regalmark are Maryland citizens. ECF No. 8. Plaintiffs amended the Complaint in response, suing only the Virginia Defendants, O'Neal and Alexander, thereby mooting the motion to dismiss. *See* ECF No. 15.

In response to the Amended Complaint, Defendants now move to strike the pleading or alternatively dismiss the claims for lack of personal jurisdiction. ECF Nos. 16, 17. The Court considers each motion separately.

## II. Motion to Strike the Amended Complaint

Defendants urge the Court to strike the Amended Complaint because not all of the pro se Plaintiffs signed the pleading. Although Defendants invoke Rule 12(f) of the Federal Rules of Civil Procedure, the matter is properly before the Court under Rule 11.

Rule 11(a) requires pro se parties to sign every paper and "state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a). The purpose of this signature requirement is to "prevent[] frivolous filings and increas[e] the efficiency of courts." *Pinpoint IT Services, L.L.C. v. Atlas IT Export Corp.*, 802 F. Supp. 2d 691, 693 (E.D. Va. 2011). The Rule further provides that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). Accordingly, a pleading will not be stricken unless the movant can show that a failure to sign "'severely prejudiced the opposing party.'" *Steamship Trade Ass'n of Balt., Inc. v. Peters*, No. WDQ 09-109, 2009 WL 2924810, at *2 (D. Md. 2009) (quoting *Kovilic Const. Co., Inc. v. Missbrenner*, 106 F.3d 768, 772 (7th Cir. 1997)). This burden is even more exacting where, as here, the Plaintiffs proceed pro se. *See Fireman's Ins. Co. of Newark, New Jersey v. Herbert*, No. Civ.A. 4:04CV139, 2005 WL 3536091, at *2 (E.D. Va. Dec. 20, 2005) (Courts "do[] not

2

expect a *pro se* litigant to perfectly comply with all procedural rules.").

The Defendants are incorrect that failure to sign the Amended Complaint renders it void ab initio. *See Holley Coal Co. v. Globe Indem. Co.*, 186 F.2d 291, 295 (4th Cir. 1950) ("[A]n unsigned pleading is not invalid."); *U.S. v. Haynesworth*, No. CRIM.A. 4:00–CR–52, 2004 WL 3091986, at *1 n.1 (E.D. Va. Feb. 11, 2004) (considering motion by pro se party even though it was unsigned). Rather, the Court retains discretion to accept the unsigned pleading or to grant leave to cure the defect instead of striking the complaint altogether. *See, e.g.*, *Dauphin v. Jennings*, No. 1:15–cv–149, 2017 WL 1745040, at *4 (E.D. Va. May 3, 2017) (accepting the pleading because a refiling would be "duplicative"); *Butler v. Johnson*, No. 1:07cv1196 (GBL/TRJ), 2007 WL 4376135, at *4 (E.D. Va. Dec. 12, 2007) (directing plaintiff to resubmit a signed complaint). This Court will afford Plaintiffs the chance to cure the deficiency.

Ben and Paul Waskey signed the Amended Complaint "[o]n behalf of all Plaintiffs' [sic]" and included addresses, emails, and telephone numbers only for the signatories. However, all four Plaintiffs signed a certificate of compliance with Rule 11, suggesting the omission was not intentional but more the product of Plaintiffs' pro se status. ECF No. 15 at 9. To cure the defect, Plaintiffs must supplement the record with the mailing addresses, emails and telephone numbers for Wooten and Lois Waskey no later than **21 days** from the date of this Opinion and Order.

Defendants next argue, without support, that the Court should strike the Amended Complaint because only one of the four plaintiffs signed the certificate of service. The purpose of a certificate of service is to affirm that service was effectuated properly. *See U.S. v. Wright*, No. 00-4030, 238 F.3d 418 (Table), 2000 WL 1846340, at *3 (4th Cir. Dec. 18, 2000). Thus, when "actual service is not contested, there is little point to invalidating an Amended Complaint for lack of a certificate." *Ives v. Guildford Mills*, 3 F. Supp. 2d 191, 195 (N.D.N.Y. 1998).

Defendants do not dispute that they have been served and so no basis exists to strike the pleading. *Cf. Conner v. Duncan*, 1:12CV92, 2013 WL 12136592, at *6 (M.D.N.C. Mar. 27, 2013) (accepting a motion where the pro se party only signed the certificate of service and did not sign the motion). The motion is denied.[2]

### III. Motion to Dismiss for Lack of Personal Jurisdiction

The Court next turns to whether it retains personal jurisdiction over Defendants. A court may not hear any claim against parties for whom personal jurisdiction is lacking. *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 562 (2017). Pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). In deciding a Rule 12(b)(2) motion, the court is "permitted to consider evidence outside the pleadings." *All Risks, Ltd. v. Butler*, No. GLR-15-3146, 2016 WL 4435477, at *2 (D. Md. Aug. 22, 2016) (internal citations omitted).

The existence of a valid forum selection clause in an agreement alone may establish personal jurisdiction unless the clause is "unreasonable, unfair or unjust." *CoStar Realty Info. v. Meissner*, 604 F. Supp. 2d 757, 764–65 (D. Md. 2009); *see also Structural Pres. Sys., LLC v. Andrews*, 931 F. Supp. 2d 667, 671 (D. Md. 2013) (internal citations omitted) (finding that a forum selection clause permits parties to "consent[] to resolve their disputes in specified tribunals"). The Agreement at the heart of this case includes a valid forum selection clause that states: "[t]his agreement will be governed by and interpreted under the laws of the state of

---

[2] Defendants' argument that the Court should strike the Amended Complaint as to Trent Waskey is mooted in light of the voluntary dismissal. ECF No. 25. Likewise, Plaintiffs have mooted any issue regarding their failure to comply with Local Rule 103(6)(c) by filing a supplemental, redline complaint. ECF No. 28; *see also Meadows v. Charles Cty. Sch. Bd. of Educ.*, No. DKC 16-2897, 2017 WL 2618272, at *3 (D. Md. June 16, 2017) ("Failure to comply strictly with the dictates of Local Rule 103.6 by itself is not fatal . . . especially in light of [plaintiff's] pro se status.").

Maryland, and *any litigation will be brought in the courts of that state*." ECF No. 27-2 ¶ 21 (emphasis added). Defendants make no argument that the clause is "unreasonable, unfair, or unjust" nor do they dispute the fact that they signed this Agreement. Thus, by this Agreement alone, Defendants consented to personal jurisdiction in this forum. *Cf. Perdue Holdings, Inc. v. BRF S.A.*, 45 F. Supp. 3d 514, 517-18 (D. Md. 2014) (forum selection clauses may waive objections to personal jurisdiction).

Even absent the forum selection clause, however, personal jurisdiction is proper. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). A federal court may exercise personal jurisdiction over a defendant either "in the manner provided by state law" pursuant to the state's long arm statute, or where the defendant is "at home" in the forum state. *Carefirst of Maryland, Inc.*, 334 F.3d at 396 (citing Fed. R. Civ. P. 4(k)(1)(A)); *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). The former is termed "specific jurisdiction," while the latter is "general jurisdiction."

Because Defendants are domiciled in Virginia, the Court lacks general personal jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (U.S. 2011); *Midtown Pers., Inc. v. Dave*, No. PWG-13-3493, 2014 WL 3672896, at *5 (D. Md. July 22, 2014). Specific jurisdiction is a different matter. Specific personal jurisdiction is proper where the plaintiff demonstrates (1) jurisdiction is authorized by the forum state's long-arm statute and (2) comports with the due process requirements inherent in the Fourteenth Amendment of the United States Constitution. *Christian Sci. Bd. of Dir. of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). Maryland's long-arm statute is co-extensive with federal due process limits. *Mackey v. Compass Mktg., Inc.*, 391 Md. 117, 141 n.6 (2006).[3] That said, the Court will determine if each is satisfied here. *Dring v. Sullivan*, 423 F.

---

[3] The Court recognizes that the converse may not be true. *Dring*, 423 F. Supp. 2d at 544–45 ("[T]here may be cases in which the facts satisfy constitutional due process but do not satisfy Maryland's long-arm statute.")

Supp. 2d 540, 545 (D. Md. 2006).

Maryland's long-arm statute enumerates several alternative grounds for the Court to exercise personal jurisdiction over an out-of-state defendant. Md. Code, Cts. & Jud. Proc. § 6-103. Plaintiffs concentrate solely on the propriety of jurisdiction over any individual who "[t]ransacts any business or performs any character of work or service in the State." Md. Code, Cts. & Jud. Proc. § 6-103(b)(1). Where a defendant "conduct[s] actions which culminate in purposeful activity within the state," personal jurisdiction is proper. *CoStar Realty Info., Inc. v. Field*, 612 F. Supp. 2d 660, 671 (D. Md. 2009) (internal citations and quotations omitted). Even a single contact may satisfy the long-arm provision. *Id.*; *cf. Prince v. Illien Adoptions Int'l., Ltd.*, 806 F. Supp. 1225, 1229 (D. Md. 1992) (citing cases where the court has broadly construed what constitutes purposeful activity). This inquiry centers on "simply whether a commercial actor's efforts have been purposefully directed toward residents of another state." *Orteck Int'l. Inc. v. TransPacific Tire & Wheel, Inc.*, No. DKC 2005–2882, 2006 WL 2572474, at *5 (D. Md. Sept. 5, 2006) (internal citations and quotations omitted) (citing *Sleph v. Radtke*, 76 Md. App. 418, 429 (1988)).

Defendants' contacts with the forum are sufficient under the statute. Defendants have purposefully entered into a contract to purchase what they knew to be a "Maryland-based corporation" from Maryland residents. ECF No. 27. Defendants further negotiated the terms of the sale while Plaintiffs were in Maryland, *id.* at 2, all of which is sufficient under Maryland's long-arm statute to confer jurisdiction. *See CoStar Realty*, 612 F. Supp. 2d at 671. (citing *Bahn v. Chicago Motor Club Ins. Co.*, 98 Md. App. 559, 567–70 (1993)) (finding factors such as sending mail to Maryland residents, contracting with Maryland residents, and "a nonresident

---

(quoting *Mackey*, 391 Md. at 141 n.6) (internal quotation marks omitted).

defendant initiating contact with the forum state" satisfy the provision); *Jason Pharms., Inc. v. Jianas Bros. Packaging Co.,* 94 Md. App. 425, 435 (1993) (finding that defendant was subject to personal jurisdiction because he initiated a contract by responding to a brochure plaintiff had provided him). Defendants' business transactions in this State are sufficient.

Next, the Court considers whether Defendants' purposeful contacts with this forum are sufficient so that maintaining suit here will not offend "'traditional notions of fair play and substantial justice.'" *CoStar Realty Info. v. Meissner*, 604 F. Supp. 2d 757, 765 (D. Md. 2009) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). This due process inquiry focuses on three factors: (1) whether Defendants purposefully availed themselves of the benefits of conducting business in the State; (2) whether the claims arise out of this conduct; and (3) the reasonableness of exercising personal jurisdiction over Defendants. *Id.* at 766. Defendants' contacts with the state are considered "'purposeful' in some way" when based on a "commercial transaction[] with a forum plaintiff" because "the benefits and protections of the forum's laws" necessarily are implicated to some degree. *Nueva Engineering, Inc. v. Accurate Electronics, Inc.*, 628 F. Supp. 953, 954–55 (D. Md. 1986). Choice of law provisions may also corroborate Defendants' purposeful invocation of the "benefits and protections of a State's laws for jurisdictional purposes." *Mun. Mortg. & Equity v. Southfork Apartments Ltd. P'ship*, 93 F. Supp. 2d 622, 629 (D. Md. 2000).

The Court finds that due process is satisfied with allowing the case to proceed in Maryland. As to the first factor, the Agreement's choice of law clause alone reflects Defendants' "deliberate affiliation with [Maryland]." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 482 (1985). As to the second factor, the claims squarely arise out of the same conduct, the

7

Regalmark purchase.[4] *See CoStar Realty Info.*, 604 F. Supp. 2d at 765. Third, balancing the burdens and benefits of trying the case in Maryland underscore the reasonableness of conferring jurisdiction. *Burger King Corp.*, 471 U.S. at 477. Defendants live roughly 30 miles from the Courthouse. They also knew when they entered into the Agreement with the forum selection clause that they would be making the trip to Maryland for any related legal disputes. *Cf. Jones v. Koons Auto., Inc.*, 752 F. Supp. 2d 670, 679 (D. Md. 2010) (jurisdiction proper for defendant based 70 miles from courthouse*); see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Having the case remain in the mutually agreed-upon forum where Plaintiffs reside to resolve a contractual dispute about a Maryland business outweighs the minor inconvenience of Defendants' travel. *See Jones*, 752 F. Supp. 2d at 679. This is especially so when considering that Maryland "has an interest in the protection of its residents from economic injury caused by nonresidents." *Copiers Typewriters Calculators, Inc. v. Toshiba Corp.*, 576 F. Supp. 312, 321 (D. Md. 1983).

Based on the foregoing, the Court retains personal jurisdiction over Defendants. The motion is denied. ECF No. 17.

**IV.  Conclusion**

For the foregoing reasons, the Court denies Defendants' motions to dismiss and strike with prejudice. ECF Nos. 8, 15, 17. A separate Order follows.

6/17/2019  
Date

/S/  
Paula Xinis  
United States District Judge

---

[4] Defendants are correct that mere ownership of a company does not confer personal jurisdiction over the owner. *Stokes v. JPMorgan Chase Bank*, NA, 2012 WL 527600 at *4 (D. Md. Feb. 16, 2012). But mere ownership is not the basis on which jurisdiction is conferred, and in this regard, Defendants miss the mark.